No. 20,882.

J. K. HAMMOND and R. B. HAMMOND, Partners, etc., *Appellees,* v. THE WESTERN CASUALTY & GUARANTY INSURANCE COMPANY and THE WESTERN INDEMNITY COMPANY, *Appellants.*

### SYLLABUS BY THE COURT.

1. INDEMNITY INSURANCE—*Fraud and Mistake—Statute of Limitations.* Where a policy of insurance different from that applied for has been fraudulently issued, the recipient of the policy may, without reading it, assume that it conforms to the application; and an action thereon is not barred until two years after the fraud is discovered.

2. INDEMNITY INSURANCE—*Fraud and Mistake—Reformation of Policy—Judgment.* Where fraud in issuing a policy of insurance and a mistake in the policy are alleged and reformation is asked, and where the evidence supports the allegations, the court is justified in reforming the policy and in rendering judgment thereon.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed May 12, 1917. Affirmed.

*Edgar Bennett,* of Washington, for the appellants.

*J. N. Haymaker, A. V. Roberts, W. D. Jochems,* and *Carl H. Davis,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs obtained judgment against the defendants on a policy of insurance against liability for damages sustained by workmen injured while in the plaintiffs' employ. The defendants appeal.

The plaintiffs, building contractors, purchased from the Western Casualty & Guaranty Insurance Company a policy of insurance to protect them against liability on acount of injury to workmen while in the employ of the plaintiffs. The policy was purchased from Tanner, Cook & Company, agents of the Western Casualty & Guaranty Insurance Company, an Oklahoma corporation. When the policy was purchased, the plaintiffs asked for insurance against liability to workmen injured in their employ. The agent agreed to furnish such a policy, and after a few days delivered a policy which he stated was the kind the plaintiffs had asked for, and which the agent had agreed to furnish. The policy contained this provision:

"No action shall lie against the Company to recover for any loss or expense under this policy, unless it shall be brought by the assured for loss actually sustained and paid by him in money in satisfaction of a judgment for trial of the issue, nor unless such action is brought within two years after final judgment against him has been satisfied."

G. L. Horine was injured while in the employ of the plaintiffs, and recovered judgment against them for $1200. That judgment has not been paid. The Western Casualty & Guaranty Insurance Company defended in that action for the present plaintiffs, and prosecuted an appeal to the supreme court. That judgment was affirmed and execution thereon was issued and was served on the plaintiffs in this action in April, 1915. The policy was dated the 13th day of May, 1912. The present action was not commenced until the 2d day of December, 1915. When the policy was received by the plaintiffs, it was placed in a desk and was not read by either of them until after the execution had been served. They did not discover the mistake in the policy until they read it. The petition alleged both fraud and mistake, and asked for a reformation of the

policy so as to make it correspond with the agreement made with the agent of the Western Casualty & Guaranty Insurance Company. The plaintiffs recovered judgment for $1200, with interest, and the costs in the two actions. By contract between the defendants, the Western Indemnity Company has become liable under the policy.

1. The defendants insist that the plaintiffs' action is one for relief on the ground of fraud, and was, for that reason, barred by the two-year statute of limitations at the time it was commenced. The difficulty with the defendants' contention is that the plaintiffs did not discover the mistake in the policy until within two years prior to the commencement of this action. To meet this difficulty the defendants say that the plaintiffs should have read the policy immediately after its receipt, and that if the policy had been read the mistake would have been discovered. In *Insurance Co. v. Darrin,* 80 Kan. 578, 103 Pac. 87, this court said:

"The recipient of a policy issued in response to an application of the character described may assume that the company has discharged its duty and has written the policy on the basis of the application, and he is not obliged to read the policy to see if it conforms to the application." (Syl. ¶ 3.)

The action was not barred by the statute of limitations at the time it was commenced.

2. The defendants contend that the court erred in denying their motion for judgment on the pleadings, in overruling their objection to the introduction of evidence under the petition, in overruling their demurrer to the plaintiffs' evidence, and in rendering judgment for the plaintiffs. These contentions are based on the proposition that the action was barred by the statute of limitations. That question has been disposed of. The petition stated a cause of action. The evidence of the plaintiffs tended to prove the allegations of the petition. The several contentions of the defendants are without substantial merit. The plaintiffs alleged fraud on the part of the defendants and a mistake in the policy of insurance issued. Both the fraud and the mistake were established by the evidence, and the court was justified in rendering judgment reforming the policy. (*Conaway v. Gore,* 24 Kan. 389; *Bush v. T. G. Bush & Co.,* 33 Kan. 556, 6 Pac. 794; *Hornick v. U. P. Railroad Co.,*

85 Kan. 568, 572, 118 Pac. 60; *Machinery Co. v. Schalansky,* ante, p. 562.)

When the policy was reformed judgment was rightly rendered against the defendants. (*Miller v. Davis,* 10 Kan. 541; *Huber v. Claudell,* 71 Kan. 441, 80 Pac. 960.)

The judgment is affirmed.