No. 26,845.

BRODUS G. HUNLEY, *Appellee*, v. THE UNION INSURANCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. ACCIDENT INSURANCE — *Duration of Risk — Alteration to Show Intention.* Where the agent of an accident and health insurance company solicits insurance, obtains an application for such insurance for a term of thirty-six months, accepts the premium paid for a policy for that length of time, and a policy is delivered which provides for insurance for a like period, the insurance company is liable thereunder for an illness that occurred more than twelve months and within thirty-six months after the date of the policy, although the policy when first written was for a period of twelve months from the date of its issue, but after being written was altered so as to show that it was issued for a period of thirty-six months.

2. TRIAL—*Special Interrogatories—Sufficiency of Answer.* It was not reversible error for the court to refuse to compel the jury to more specifically answer certain questions submitted to it.

Appeal from Stafford district court; RAY H. BEALS, judge. Opinion filed October 9, 1926. Affirmed.

*J. W. Smyth, B. F. Alford, W. H. Johns,* all of Wichita, and *Paul R. Nagle,* of St. John, for the appellant.

*Robert Garvin* and *Evart Garvin,* both of St. John, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued on a health and accident insurance policy and recovered judgment, and the defendant appeals.

The plaintiff's petition alleged the issuance of the policy for a period of thirty-six months from November 1, 1922, for a premium of $1.00, which was paid at the time the application for a policy was signed. The application signed was for a period of thirty-six months. The plaintiff alleged that he became ill on January 26, 1925, and remained ill until the liability under the policy amounted to $227;

Appeal and Error, 4 C. J. p. 1029 n. 28. Health Insurance, 29 C. J. p. 278 n. 4. Insurance, 32 C. J. p. 1140 n. 95.

that the policy was issued and was for three years from November 1, 1922. The defendant alleged that the application was for a policy for twelve months; that the policy issued was for twelve months from November 1, 1922, and expired November 1, 1923. The answer further alleged that the policy, which was for three years, attached to the plaintiff's petition, was a forgery and contained fraudulent alterations, and further alleged that the forgery consisted of a change in the policy so that it read for a term of thirty-six months instead of for a term of twelve months, and that the policy had been changed so as to make it recite $100 as the premium instead of $40 as was contained in the policy of insurance issued by the defendant.

The action was tried to a jury, which answered special questions as follows:

"1. Did G. W. Mathewson receive an application from the plaintiff for a three-year policy or for only a one-year policy? A. Three years.

"2. Did the plaintiff at the time of giving his application to Mathewson for the policy, pay the said Mathewson as premium $100? A. Yes.

"3. Did the defendant, The Union Insurance Company, learn on or about the 17th day of February, 1925, that the plaintiff, Brodus G. Hunley, held a policy of the defendant, purporting to be for a term of three years from the 1st day of November, 1922, and that the plaintiff had paid the defendant's agent, Mathewson, as premium thereon the sum of $100? A. Yes.

"4. If you answer question No. 3 'Yes,' then state whether the defendant, The Union Insurance Company, ever returned or offered to return any of the premium of $100 to the plaintiff. A. No.

"5. Is the policy sued upon in this action in the same condition that it was in at the time it was delivered by G. W. Mathewson to the plaintiff? A. Yes.

"6. Did the plaintiff, Brodus G. Hunley, make or cause to be made any changes or alterations or erasures in the policy sued upon in this action? A. No.

"1. Did the agent, G. W. Mathewson, have any right or authority to act for and on behalf of the defendant other than take or accept applications for insurance and to remit such applications and the premiums collected on such applications to the defendant's home office? A. Yes.

"2. If you answer question No. 1 'Yes,' then state what other or further authority the said agent, G. W. Mathewson, had to act for and on behalf of the defendant. A. To receive policies from home office and deliver to applicant.

"3. Did the plaintiff on or about the 20th day of October, 1923, receive from the defendant a notice through the mail that his policy had expired and the renewal would be granted upon certain terms? A. No.

"4. Did the plaintiff receive through the mail on or about the 1st day of November, 1923, a notice from the defendant's home office advising the plaintiff of the expiration of his policy? A. No.

"5. Did the plaintiff receive through the mail a notice from the defendant on or about the 5th day of November, 1923, notifying him of the expiration of his insurance policy? A. No.

"6. When did the plaintiff first ascertain the knowledge from the defendant that the defendant's contention was that the policy issued was for a period of but one year? A. February 14, 1925.

"7. State the amount of the premium received and accepted by the defendant at the defendant's home office in Wichita for the issuance of the policy in question. A. Forty dollars ($40).

"8. Did the defendant at his home office receive more than $40 for the issuance of the policy in question? A. No.

"9. Where was the policy of insurance which was sued on in this case executed? A. Wichita, Kan.

"10. For what 'term' was the policy as first written? A. Twelve months.

"11. Has there been a change or alteration in the 'term' as was first written in said policy of insurance? A. Policy introduced in evidence plainly shows erasures.

"12. When was such change or alteration made—before or after it was signed and mailed from the home office of the defendant company? A. Don't know.

"13. Who changed or altered the 'term' as was first written? A. Don't know."

1. The answers state all of the facts necessary to a correct understanding of the case. Mathewson was the agent of the defendant, not the agent of the plaintiff. In *Pfiester v. Insurance Co.*, 85 Kan. 97, 116 Pac. 245, the court said:

"An agent for a life insurance company whose authority is limited to negotiating for, taking and transmitting applications for the approval or rejection of the company is the agent of the company and not of a person whom he solicits to take insurance, and for those purposes he has all the power the company itself possesses."

This court has upheld judgments reforming insurance policies so as to make them correspond to the representations of the insurance agents given at the times the policies were applied for. (*Pfiester v. Insurance Co.*, 85 Kan. 97, 116 Pac. 245; *Hammond v. Insurance Co.*, 100 Kan. 582, 165 Pac. 291; *Nichols v. Casualty Co.*, 113 Kan. 484, 214 Pac. 1111; *Chambers v. North American Accident Ins. Co.*, 118 Kan. 494, 235 Pac. 859.) No reformation of the policy was asked in the present case because the policy delivered conformed to the terms of the application therefor. If the policy as delivered had provided for insurance for only twelve months and the plaintiff had not discovered that fact until after liability under the policy had accrued and had asked to have the policy reformed so as to recover there-

Hunley v. Union Ins. Co.

under, this court would have upheld a judgment reforming the policy under the decisions which have been cited.

This question is presented by the defendant in a number of different ways. It argues that the court erred in giving instructions to the jury and in refusing to give instructions requested.

2. The defendant argues that the court erred in not compelling the jury to more specifically answer questions 12 and 13. The evidence introduced on behalf of the defendant tended to show that the changes in the policy were made after it was issued from the office of the defendant. There was no direct evidence to show when the changes were made, but the jury may not have believed the testimony of the defendant which tended to show that the changes were made after the policy had been issued. If the jury disbelieved the evidence of the defendant on that question, there was no evidence to show that the changes had not been made before the policy was signed and mailed from the home office of the defendant. The jury was not compelled to believe the evidence of the defendant in that respect. The application for a thirty-six months policy, the payment of the premium for the policy for that length of time, and the delivery of a policy for thirty-six months contradicted the evidence of the defendant concerning the time and place of the alteration in the policy.

The judgment is affirmed.