No. 27,166.

THE KANSAS AMUSEMENT COMPANY, *Appellee*, v. THE MARYLAND CASUALTY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Duty to Write Policy in Accordance With Application.* The allegations of a petition in an action brought to reform a burglary insurance policy so as to express the real contract of insurance and to recover for a loss sustained, is considered and it is held, following *Insurance Co. v. Darrin,* 80 Kan. 578, 103 Pac. 87, that it is the duty of an insurer to write a policy in accordance with the application or agreement for insurance, that an insured who receives a policy may assume that the insurer has discharged its duty and written the policy upon the basis of the application or agreement and he is not obliged to read the policy in order to see that it it correctly written and that if such application is written and delivered and the premium is paid by the applicant and retained by the company, a binding contract of insurance is effected on the basis of the application or agreement.

2. REFORMATION OF INSTRUMENTS—*Pleading.* Under the averments of the pleading the plaintiff was entitled to a reformation.

3. INSURANCE—*Change of Name of Insured—Effect on Rights Under Policy.* Where there was a change of the name of the insured after the contract of insurance and the business was continued thereafter under a new name, which name was agreed upon by the parties and indorsed upon the policy, the change did not operate to affect the conditions and obligations of the contract, nor to deprive the plaintiff from the right of recovery for a loss sustained.

Appeal from Shawnee district court, division No. 3; OTIS E. HUNGATE, judge. Opinion filed February 12, 1927. Affirmed.

*Leonard S. Ferry,* of Topeka, for the appellant.

*W. R. Hazen,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by the Kansas Amusement Company against the Maryland Casualty Company upon a policy insuring against burglary and larceny. The case was disposed of upon a demurrer to the petition in which the demurrer was overruled and of this ruling defendant complains.

It was alleged that the plaintiff was operating the Novelty Theater where performances were given nightly. That the money derived from the sale of tickets was immediately transferred by mes-

Insurance, 32 C. J. pp. 1117 n. 45, 1118 n. 47, 1140 n. 95, 1141 n. 3, 1143 n. 37.

Kansas Amusement Co. v. Maryland Casualty Co.

senger from the theater to the office of the plaintiff, where there was a burglar-proof safe in which the money from the receipts was kept, and that the only receipts from the performances were an afternoon matinée and the nightly performances. That the agent of the defendant solicited the plaintiff for permission to write burglary and robbery insurance to protect funds while inside the theater and also while being transferred from the theater to the office of the plaintiff. That the office was in the same block as the theater building and of these facts the agent was fully informed and the agent assured the plaintiff that the policy would cover any loss by robbery while transferring funds from the theater to its place of safekeeping, and also while the funds were inside the theater. That it was distinctly and fully understood between the agent of the corporation and the plaintiff that the insurance would be so written and the policy delivered later to the plaintiff. That a policy was delivered, at which time the agent assured the plaintiff that the policy was written as agreed upon, and the insured, without reading or examining the policy, put it away believing that it had been written in compliance with the agreement. That either by accident, mistake or gross carelessness, the agent failed to attach the proper rider and did not have a provision of the agreement to protect the insured by robbery of messenger outside the building. The policy only provided for all loss occurring at any time during the hours beginning 7 a. m. and ending at 7 p. m. The robbery occurred outside of the theater while the plaintiff was transferring the receipts from the sale of tickets from a night performance about 9:30 p. m. by a messenger, who was compelled by a drawn revolver to surrender the funds amounting to $472.59. It was further alleged that it was distinctly and fully understood by both parties that the policy would be written in accordance with the agreement as to the insurance. At the end of one year the policy was renewed. It was first issued in the name of L. M. and Roy Crawford, but by an agreement which was indorsed on the policy the name of the insured was changed to read "Kansas Amusement Company." There was a clause in the policy that any attachment to it extending or limiting the insurance should be subject to all stipulations and provisions of the attachment and to those contained in the policy not conflicting with the terms of the attachment which should be binding alike upon the insurer and the insured. It was alleged that when defendant denied

liability on the policy the plaintiff notified defendant that if there was an additional premium by reason of the insurance agreed upon, the plaintiff was ready and willing to pay the same and there tendered payment into court stating that it would continue to keep the tender good. The refusal of defendant to pay was based upon the ground that the policy as written only made it liable for loss by robbery or burglary between 7 a. m. and 7 p. m. and did not cover a loss which occurred outside the theater at about 9:30 p. m. The plaintiff asks for the reformation of the policy and a recovery of the loss sustained amounting to $472.50. The question presented upon this appeal is whether the petition stated a cause of action. The decision of the trial court overruling defendant's demurrer to the petition must be sustained. According to the averments of the petition there was a definite agreement between the insurer and the insured that the insurance applied for and the policy to be issued should cover the losses occurring by burglary and robbery in the theater and also while transmitting the receipts from the sale of tickets at each nightly performance to a place of safe-keeping, which it appears was only half a block away. It has been determined that it is the duty of an insurer to write a policy in accordance with the application or agreement for insurance, that an insured who receives a policy may assume that the insurer has discharged its duty and written the policy on the basis of the application or agreement, and he is not obliged to read the policy in order to see that it is correctly written, and that if such application is written and delivered and the premium is paid by the applicant and retained by the company, a binding contract of insurance is effected on the basis of the application. These points were considered and definitely determined in *Insurance Co. v. Darrin*, 80 Kan. 578, 103 Pac. 87, and appears to be decisive of the points raised in the present case. See, also, *Pfiester v. Insurance Co.*, 85 Kan. 97, 116 Pac. 245, and cases therein cited. A policy written by an insurer different from the application or agreement, whether made through mistake or design, may be reformed. The petition does not charge that the policy was wrongly written by design or fraud, but accounts for the departure from the real contract of insurance as a result of oversight, accident or mistake. Good grounds for a reformation were alleged. It appears that there was a change of the name of the insured from L. M. and Roy Crawford to Kansas Amusement Company, and that

the business was continued thereafter by them in the latter name. This change did not affect the obligations of the contract. It was agreed to by the parties and indorsed upon the policy. There was no modification of the conditions of the insurance contract, nor of the rights of the insured and the insurer.

The order of the court overruling defendant's demurrer to plaintiff's petition is affirmed.