No. 28,722.

Mrs. Gertrude Dimmitt, *Appellee*, v. The Hartford Accident and Indemnity Company, *Appellant*.

(276 Pac. 800.)

Opinion filed May 4, 1929.

*A. M. Ebright, Allen B. Burch, J. B. Patterson,* all of Wichita, and *D. F. McMahon,* of Kansas City, Mo., for the appellant.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover under an alleged burglary insurance policy. Plaintiff prevailed, and defendant appeals. The chief question presented is whether the policy covers the loss, the defendant contending it does not.

The original policy is submitted for our examination. It shows that it is the standard residence burglary policy except that it bears a rider containing the clause "on the highway." It contains a schedule which enumerates the location of the residence of the insured; that it is private; occupies the entire building; that the occupation of the insured is millinery; and appears in every detail to correspond to the ordinary burglary policy. At the head of the policy in large capitals appear the words "Burglary Policy." Without setting out the policy in more detail it is sufficient to say that the record indicates plaintiff purchased a burglary insurance policy for the purpose of protecting herself against such a loss as occurred.

Plaintiff contends that the agent of the company at the time he sold the policy to her understood perfectly that it was to cover her jewelry, her personal knickknacks, her household silverware, etc., in the amount of $3,000; that she is a business woman and never at any time had any idea of insuring herself solely against "robbery on the highway."

In *Pfiester v. Insurance Co.,* 85 Kan. 97, 116 Pac. 245, it was said:

"An agent for a life insurance company whose authority is limited to negotiating for, taking and transmitting applications for the approval or rejection of the company is the agent of the company and not of a person whom he solicits to take insurance, and for these purposes he has all the power the company itself possesses. . . .

"Agreements made between such an agent and a person whom he solicits to take insurance as to what the application shall contain are in legal effect made with the company and bind it as to the contents of the application. . . .

"It is the duty of such an agent to prepare the application of a person solicited to insure so that it will accurately and truthfully state the result of the negotiations, and the agent's failure to do so is in legal effect the fault of the company. . . .

"If such an agent fail to write into the application an agreement which he has made with the applicant respecting the terms of the insurance desired his knowledge of the agreement is in legal effect the knowledge of the company. . . .

"If in the case stated in paragraph 4, the company accept and approve the application, receive and retain the initial premium and issue the policy, a binding contract of insurance is effected according to the agreement." (Syl. See, also, *Hunley v. Union Ins. Co.*, 121 Kan. 674, 249 Pac. 685; *Nichols v. Casualty Co.*, 113 Kan. 484, 214 Pac. 1111.)

In *Kansas Amusement Co. v. Maryland Casualty Co.*, 122 Kan. 800, 253 Pac. 405, it was said:

"The allegations of a petition in an action brought to reform a burglary insurance policy so as to express the real contract of insurance and to recover for a loss sustained, is considered and it is held, following *Insurance Co. v. Darrin,* 80 Kan. 578, 103 Pac. 87, that it is the duty of an insurer to write a policy in accordance with the application or agreement for insurance, that an insured who receives a policy may assume that the insurer has discharged its duty and written the policy upon the basis of the application or agreement, and he is not obliged to read the policy in order to see that it is correctly written, and that if such application is written and delivered and the premium is paid by the applicant and retained by the company, a binding contract of insurance is effected on the basis of the application or agreement." (Syl. ¶ 1.)

Under the ordinary rule of construction this policy taken as a whole covers the loss suffered. The defendant is bound by the acts and agreements of its agent, and the policy, in our judgment, is a straight residence burglary policy. The loss suffered was covered by the policy and the plaintiff is entitled to payment of the actual loss suffered.

A contention that plaintiff could not recover because of failure to ask a reformation of the policy cannot be sustained. The language of the contract considered in all its details was sufficient basis for the recovery.

The judgment is affirmed.