No. 18,854.

W. P. PALIN, *Appellee,* v. THE INSURANCE COMPANY OF NORTH AMERICA, of Philadelphia, *Appellant.*

SYLLABUS BY THE COURT.

1. AGREEMENT FOR ADDITIONAL INSURANCE—*Omitted from Policy —Policy May be Reformed.* The doctrine of the case of *Pfiester v. Insurance Company,* 85 Kan. 97, 116 Pac. 245, applied in an action to reform a fire insurance policy to include permission to take out additional insurance according to oral negotiations between the plaintiff and the defendant's agent, and to recover on the reformed policy.

2. INSURANCE—*False Answers Inserted in Application by Agent —Policy Not Avoided—Pleadings.* In taking the application the agent appended the false answer, "No," to the question, "Is the land described mortgaged?" without the knowledge or authority of the plaintiff and without propounding the question to him. The policy as written contained a condition against incumbrances. The petition pleaded broadly compliance with the terms of the policy. The answer pleaded the condition against incumbrances. The reply set up the facts stated. A motion to strike out the reply for departure was overruled. A trial on the merits followed and the plaintiff recovered. *Held,* the defendant was not prejudiced in its substantial rights because of the departure.

3. SAME — *Compromise Agreement after Loss — Subsequently Waived.* After the insured property burned, a special agent of the defendant procured the plaintiff to sign an agreement to surrender the policy and to accept $100 in full settlement

26—92 KAN.

of his claim. The plaintiff did not surrender the policy, the defendant did not pay or offer to pay the $100, and further negotiations for settlement followed which induced the plaintiff to believe that the defendant had abandoned the compromise agreement and to act accordingly. *Held*, sufficient to constitute a waiver of the agreement.

4. PLEADINGS — *Proof — Variance Not Prejudicial.* A variance between the pleadings and the proof respecting waiver of the compromise agreement held not to be prejudicial.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed May 9, 1914. Affirmed.

*R. W. Turner,* and *Donald Stanley,* both of Mankato, for the appellant.

*W. R. Mitchell,* of Mankato, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one to reform a fire insurance policy to include an agreement permitting additional insurance and to recover on the reformed instrument. The plaintiff prevailed and the defendant appeals.

Briefly summarized the facts are as follows:

While the plaintiff was at work completing an unfinished dwelling house an agent of the defendant, named Castello, solicited him to insure it. The cost of the building when completed was estimated by Castello at from $1200 to $1300, and the plaintiff contemplated insuring it for $1000. He told Castello he had promised to give another insurance agent a chance to write a policy, and Castello asked for $500 of the insurance. The plaintiff said if he could do that it would allow the other fellow to write $500. Castello replied that when the house was completed the plaintiff could take out more insurance. Castello prepared an application, which the plaintiff signed without reading, and a policy for $500 was subsequently delivered and paid for. Later the plaintiff took out $500 additional insurance without notice to or permission from the defendant.

Palin v. Insurance Co.

The building burned, and when the plaintiff examined the policy issued by the defendant he found that it contained a condition forbidding additional insurance without written consent. The policy also contained a warranty that the property was not incumbered, and when the defendant's answer came in it developed that the application contained a statement that the property was not mortgaged, although the plaintiff had not been interrogated on that subject and had made no such statement. The property was in fact covered by a mortage. After the fire a special agent of the defendant procured the plaintiff to sign an agreement to surrender the policy and to accept $100 in full settlement of his claim. The plaintiff did not surrender the policy, however, the defendant did not pay or offer to pay the $100, and further negotiations followed, resulting in a waiver and abandonment of the compromise agreement.

The foregoing facts are embraced in the general verdict and a special finding of fact returned under instructions to the following effect:

If it was the understanding of the plaintiff and the agent who took the application that the policy would permit the plaintiff to take out additional insurance, the policy was not avoided although it did not include a provision of that kind and additional insurance were taken out.

If the agent of the defendant, upon his own motion and without the knowledge or authority of the plaintiff, wrote in the application an untruthful answer to the question "Is the land described mortgaged," the policy was not avoided because the land was mortgaged.

If the defendant waived the compromise agreement, gave the plaintiff to understand that it would not be insisted on, and conducted further negotiations with him looking toward settlement, the agreement was not binding.

These instructions were manifestly correct and the

plaintiff was clearly entitled to judgment so far as the merits of the case are concerned.

What then are the reasons urged for a reversal?

It is said that the petition should have been made more definite and certain by expanding it to include allegations regarding particular matters upon which it was silent. The defendant understood the case made by the petition well enough, however, to answer in such a way that full advantage was taken of the omitted facts.

It is said that the petition was demurrable in this: it did not use the word "promise" nor the word "agree" in connection with the statement of the defendant's agent that the plaintiff could take out additional insurance, and it did not allege that permission to take out additional insurance was omitted from the policy through fraud or mistake. The petition did narrate the facts, however, just as they occurred, using substantially the language of the contracting parties, which, measured by the law, created an agreement.

It is said that the reply departed from the petition, and it did. Not having in his possession the application showing the "warranty" that the property was not incumbered, and overlooking the condition of the policy against incumbrances, the plaintiff pleaded broadly in his petition compliance with all the terms of the policy. The answer disclosed a breach of the condition against incumbrances. The reply presented the facts showing that the warranty in the application was the voluntary work of the defendant's agent, unauthorized by the plaintiff, and consequently that the condition of the policy was outside the contract consummated by the acceptance of the true application and payment of the premium. The reply was attacked by a motion to strike out, and there are decisions enough to the effect that failure to sustain it was fatal to the judgment.

If the motion had been sustained the plaintiff would have been permitted to amend his pleadings in such a

Palin v. Insurance Co.

way as to remove the verbal inconsistency between the petition and the reply. The court very properly treated the matter as one of form and not of substance. The defendant was not misled nor prejudiced in the slightest particular or degree, and it has been a good while since this court has reversed an apparently fair judgment rendered after a full trial on the merits because the reply departed from the petition.

It is said that the parol-evidence rule prevented the plaintiff from proving the true terms of the application. The court has fully expressed itself on this subject in the case of *Pfiester v. Insurance Co.*, 85 Kan. 97, 116 Pac. 245.

It is said that the plaintiff's evidence did not support the allegations of the reply, which is true. The facts constituting waiver of the compromise agreement were not pleaded as fully nor as accurately as they were proved, and the plaintiff in his pleading undertook to cast them in the mold of fraud. The defendant did not, however, observe the statute relating to variance (Civ. Code, § 134), and the court properly instructed on the case made by the proof without going through the formality of an amendment. The fact that the defendant so changed its attitude toward the compromise agreement as to lead the plaintiff to believe that it was abandoned and to change his course accordingly is sufficient to make the waiver effectual.

The defendant's brief is a model of fine discrimination, clear thinking, and logical reasoning, but granting, as we must, that the plaintiff's evidence is true, it is much stronger in insistence on impeccable procedure than in reasons for refusing to pay this loss.

The judgment of the district court is affirmed.