No. 19,252.

OTTO BROADY, *Appellee,* V. THE PATRONS FIRE AND TORNADO ASSOCIATION, *Appellant.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Untrue Statements—Inserted in Application by Defendant's Solicitor—Policy not Avoided.* The plaintiff applied to a solicitor of the defendant, a mutual fire insurance company, for insurance, signed an application which the solicitor transmitted to the defendant, and in due time received a policy making the by-laws of the company a part of the contract. The answers to certain material questions, as they appeared in the application, were not true, and if they had been true the by-laws would have forbidden the risk. When the application was taken the questions referred to were propounded to the plaintiff by the solicitor and were truthfully answered, but the solicitor set down answers, not as given by the plaintiff, but in his own way. The plaintiff signed the application without knowledge of what the solicitor had written. The property was subsequently destroyed by fire originating from a source inquired about by one of the questions. *Held,* the plaintiff was entitled to recover.

2. TRIAL—*No Prejudicial Error.* Various assignments of trial error examined and held not to warrant a reversal.

Appeal from Linn district court; CHARLES E. HULETT, judge. Opinion filed February 6, 1915. Affirmed.

*J. W. Parker,* of Olathe, for the appellant.

*A. M. Keene, B. Hudson,* and *Douglas Hudson,* all of Fort Scott, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a fire insurance policy. Special findings of fact and·a general verdict favorable to the plaintiff were returned, judgment was entered accordingly, and the defendant appeals.

The defendant writes fire insurance upon the assessment plan and has its home office in Olathe. The plaintiff applied to the defendant's solicitor in Blue Mound for insurance, signed an application, which was transmitted to the defendant by the solicitor, and in due time received his policy. A portion of the property which was insured was destroyed by fire, and upon refusal of the defendant to pay the loss, suit was instituted by the filing of a petition in the form usual in such cases. The answer was that the solicitor who took the application and transmitted it to the defendant was not the defendant's agent, and that the defendant issued the policy relying upon the truthfulness of certain statements material to the risk, made by the plaintiff in answer to questions contained in the application, which statements were untrue. The reply controverted the allegations of the answer and stated that the plaintiff was guilty of no misrepresentation or concealment of fact but truthfully answered all the questions contained in the application, to the defendant's solicitor.

The proof was abundant that the solicitor was the agent of the defendant for the performance of the usual functions of an agent to solicit applications.

There was direct and positive proof that the defendant answered the questions contained in the application truthfully. The questions were propounded to him by the solicitor. The solicitor set down answers, not as given by the plaintiff but in his own way, and the plaintiff signed the application without knowledge of what the solicitor had written. The defendant de-

bates the proof at great length, but it was ample to sustain the special findings of the jury and the general verdict, to the effect stated.

Perhaps the most important question and answer in the application were the following:

"2. What buildings approach within forty feet? What is the distance? What are they? 2. None."

A wash house stood within the prohibited distance, containing a butcher's cauldron which was used on wash days and some other occasions. The insured building was burned by fire communicated from this wash house. In response to a question the plaintiff testified he knew the answer "none" was written upon the application. Subsequently the plaintiff explained his statement and meaning and, as the result shows, to the full satisfaction of the jury. It is argued that the plaintiff was conclusively bound by his first response. It requires no citation of authorities to show that the argument is unsound, and that it was the province and duty of the jury to weigh all the statements of the witness and from his entire testimony to determine its meaning and force.

The defendant argues that a conspiracy existed between the plaintiff and the solicitor to obtain forbidden insurance, and consequently that the policy was void. There was evidence that the solicitor wrote a letter to the defendant concerning the wash house and its location, which he transmitted to the defendant in the same envelope that carried the application. The conspiracy theory is refuted by the special findings of the jury, among which are the following relating to the question and answer printed above:

"4. Did the defendant at its home office prior to the time that it issued the policy that is sued upon in this suit have any knowledge about the wash house standing within 12 or 15 feet of the insured building which was destroyed, other than that contained in the written application in evidence? A. Yes.

"8. Did plaintiff Broady know what answer Stephen Balyeat had written to question 2 of application, re-

lating to location of buildings, at the time he, Broady, signed the application.   A.   No."

It is said that oral evidence by the plaintiff and other witnesses giving the facts relating to the preparation of the application was incompetent as overthrowing a written contract.   This court has decided numerous times that such evidence is admissible.

Certain evidence which the defendant claims should have been admitted was rejected.   In one instance the information sought was obtained by an answer to a later question.   In another instance the offered evidence related to the subject of waiver urged against the defendant, which was not submitted to the jury. Much of the rejected evidence called for pure conclusions of witnesses regarding matters for the determination of the jury.   None of the rejected evidence was presented at the hearing on the motion for a new trial in the manner required by statute (Civ. Code, § 307), and consequently the rulings complained of are not properly subject to review.

The instructions are criticized as not presenting the specific idea of an agreement between the plaintiff and the solicitor to return false answers to the questions contained in the application.   The subjects of false representation of facts and concealment of facts constituted the chief burden of the instructions which were ample for the guidance of the jury.   A portion of an instruction is criticized as assuming that the solicitor was the agent of the defendant.   The question of the solicitor's agency was, however, clearly and properly submitted to the jury   in other instructions.

The defendant argues that it is not bound by the policy because of certain by-laws under which the application would have been rejected if the company had not been deceived by the application.   The court knows of no reason for not applying to this transaction principles of law which it has announced time and again in deciding similar controversies.

Although the plaintiff became a member of the com-

pany and subject to its by-laws by virtue of the policy issued to him, he contracted with the company for insurance. He procured the insurance on the basis of the application, which contained none of the rules or by-laws of the company. The solicitor who took the application was the agent of the company for that purpose and not the plaintiff's agent. The company was charged with knowledge of all the facts known to its agent, and the interpretation and application of the by-laws, not yet binding upon the plaintiff, relating to the character of risk which would be accepted, was a matter for the company, no question of charter power or statutory regulation being involved. When the application was accepted and the policy was issued and delivered to the plaintiff he had the right to rely upon it so long as he did not act in bad faith. There was proof that even the defendant's own officers were satisfied the plaintiff acted in entire good faith. Under these circumstances the defendant can not repudiate the policy after loss has occurred.

Other claims of error advanced in the defendant's brief need not be specifically referred to.

The defendant's only substantial grievance is that the jury accepted the testimony of the plaintiff's witnesses respecting the preparation of the application, a matter which this court is powerless to remedy.

The judgment of the district court is affirmed.