No. 21,146.

CECIL Y. SHINN, *Appellee*, v. NATIONAL TRAVELERS BENEFIT ASSOCIATION, *Appellant*.

SYLLABUS BY THE COURT.

BENEFIT INSURANCE—*Application—Answers Omitted by Agent—Policy Valid.* When an insurance agent propounds to a customer the categorical list of questions provided by the company, and leaves out such answers given by him as would work a refusal of the application, and the company takes his money and issues his policy, it, and not the applicant, is held responsible for the situation thus arising. Such company cannot defeat an action on the policy because of any stipulations or admissions contained in such application, which the insured at the instance of the agent signed without reading and without knowledge of its contents.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed December 8, 1917. Affirmed.

*Isaac L. Rigby,* of Wichita, *Donald Evans, George H. Carr,* and *Fred P. Carr,* all of Des Moines, Ia., for the appellant.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff recovered a judgment on an accident policy and the defendant appeals. The application began as follows:,

"I hereby make application for membership in the Association, basing my application upon the following representation of facts, all of which I hereby certify to be true, complete and material to the risk. I agree that any statement made by me to the agent or solicitor of this application shall not bind the Association unless written hereon."

The defendant contends that the parties, by agreement, stipulated that the statements quoted were material to the risk and in the nature of warranties, and that the statements in the application, that the plaintiff had had no surgical advice regarding illness or injury during the preceding five years, except once, and that he had never received or been refused compensation for accidental injury on a policy for insurance except on one occasion, were in fact untrue and known so to be by the plaintiff but not known to the defendant when the policy was issued, and that as the latter contained the provision that it should be void if there had been any fraud or misrepresentation by the member concerning the insurance the company is not liable. The plaintiff was permitted to, and did, testify, in substance, that the application was written at a hotel and shoved across the table to him by the agent and signed without reading and without knowledge of its contents and without knowledge that the agent had not written in the answers given by the plaintiff. Further, that he told the agent that he had received a certain sum from an association of Columbus in 1914, another from a commercial men's association in 1915, and also in 1911 or 1912, on account of being struck by the falling of a tent pole in a wind storm, and by falling in an attempt to board a train.

In other words, it is the old story, according to the plaintiff, of the applicant making full and complete answers and of the agent leaving out everything likely to result in a refusal, the

applicant assuming and supposing that his answers had been written down as he gave them. Authorities are cited in the brief and were referred to in the able oral argument of counsel in support of his position, that because of the provisions in the application first quoted the question of immateriality is foreclosed and the plaintiff cannot be heard to assert that any of the answers contained in the application as written are immaterial; and in support also of the position that the plaintiff is bound by the agreement in the application that any statement made by him to the agent could not bind the association unless written thereon, and that the further agreement that the statements and representations contained therein could not be altered or changed by any agent of the company.

This court by a long line of decisions is on record to the effect that when an insurance agent seeking business and finding a prospect puts him through the categorical examination provided by the company, and leaves out such answers given by him as would work a refusal of his application, and the company takes his money and issues his policy, it, and not the applicant, is held responsible for the situation thus arising. When, as testified to in this case, the customer makes truthful answers, and the paper supposedly containing them is shoved across the table to him for signature, and he immediately signs without reading, it does not lie in the mouth of the company to criticise him for trusting the honesty of its agent to write the answers as given. And if it is revealed that the application contained warranties and admissions of the agent's lack of authority, this cannot avail the company whose agent has not called the customer's attention thereto, but who has received his signed application knowing that he has no knowledge of what it contained.

This rule, so manifestly in accord with common sense and fair dealing, has abundant support in the decisions of other courts, and still meets with the approval of this court.

The following authorities are cited without quotation, as abundantly supporting what has been said: *Continental Ins. Co. v. Pearce,* 39 Kan. 396, 18 Pac. 291; *Insurance Co. v. Gray,* 44 Kan. 731, 25 Pac. 197; *Despain v. Insurance Co.,* 81 Kan. 722, 106 Pac. 1027; *Pfiester v. Insurance Co.,* 85 Kan. 97, 116 Pac. 245; *Broady v. Fire Association,* 94 Kan. 245, 146 Pac.

343; 14 R. C. L., p. 1159, § 340; *Deming Investment Co. v. Shawnee F. Ins. Co.,* 160 Okla. 1, and Note, 4 L. R. A., n. s., 607; *Suravitz, Appellant, v. Prudential Ins. Co.,* 244 Pa. St. 582, and Note, L. R. A. 1915A, 273.

The assignments of error all involve the operation of the rule thus announced.

The learned trial court in its rulings and instructions followed this rule and the judgment is affirmed.