No. 24,443.

THOMAS P. NICHOLS, *Appellee,* v. THE COMMONWEALTH CASUALTY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

ACCIDENT INSURANCE—*Injuries Not Indemnified by Terms of Policy—False Representations by Soliciting Agent to Insured.* Representations, apparently within the scope of his authority, made by an insurance agent, authorized to solicit insurance, take applications, collect and remit premiums, and to receive and deliver policies, to an insured whom he solicits, and relied upon by the insured, are binding upon the insurance company.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed May 12, 1923. Affirmed.

*J. H. Mitchell,* and *A. B. Mitchell,* both of Lawrence, for the appellant.

- *F. B. Dodds,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action against an accident insurance company to recover for accidental injuries. There was a trial to the court, judgment for plaintiff, and the defendant appealed.

Appellant contends that the policy issued to plaintiff was a limited policy, specifically indemnifying against injuries caused by certain specified accidents only, and that plaintiff's injury was caused by an accident not indemnified against in the policy. The plaintiff concedes this, but he alleged:

"That W. J. Francisco, an agent of the appellant, solicited the appellee for accident insurance in The Commonwealth Casualty Company; that he represented to Nichols that in case of accident he would receive during the time he was totally disabled and prevented from performing any of his usual duties, the sum of $25 per week, and the sum of $12.50 per week if partially disabled and not able to attend to all his duties, and should said accidents occur under certain other conditions, which are not material in this case, he would receive $25 per week; that in consideration of said representation, and relying on the statements of Francisco, appellee made and entered into a contract with the defendant, through and by the agent W. J. Francisco, and paid the premium therefor; that he signed the application and a policy was issued to him by the appellant, that he did not read the policy, but took it home with him and put it away, believing it was as represented by the agent, and relying upon the statements of the agent; that on March 21, 1921, he was injured while attending to his usual duties, and was continuo̊usly disabled until April 25, 1921."

A copy of the policy and of the application were attached to the bill of particulars and made a part of it. Evidence was offered supporting these allegations and the court made the following findings:

"1. . . . W. J. Francisco was during the month of February, 1921, the duly appointed, qualified and acting agent of the said defendant in said city of Lawrence, for the purpose of soliciting business and collecting premium charges.

"2. The plaintiff Nichols applied to the said Francisco for a policy of accident and health insurance, and the said Francisco represented to the said plaintiff that he was the agent of the above-named defendant, and that the said defendant issued a policy which insured against any kind of accident and sickness, and that in case of accident or sickness the said company would pay on said policy the sum of $25 per week during the time that the insured was permanently disabled, and $12.50 per week during the time that the insured was partially disabled, for an annual premium of $10 per year. The plaintiff told the said Francisco that he desired the policy of insurance then described to him. Some time later the said Francisco delivered to the plaintiff the policy of insurance issued by the said defendant, the same being policy No. H-0319397, which said policy is made a part of these findings by reference. The plaintiff paid the said Francisco the sum of $10, the sum demanded as a premium or payment for the benefits of said policy as represented to be for a period of one year. The plaintiff did not read the provisions in said policy at the time it was delivered to him but took it home and deposited it with other papers, and did not again see it until after he was injured.

"The plaintiff relied upon the representations made by said agent, Francisco,

as true and believed that the provisions as represented would be and were contained in said policy of insurance.

"3. On or about March 21, 1921, the plaintiff, while engaged in his regular occupation, sustained an injury from which he was totally disabled for a period of four weeks, and partially disabled for two weeks,. making six weeks of disability in all. During this period of disability, the plantiff was continuously confined to the house between two and three weeks. He was visited at his house by a licensed physician on one occasion, that being the day or the day after his injury. The plaintiff was, however, either himself or through members of his family, in consultation with the said physician from time to time during his confinement. After his confinement he visited the said physician at the physician's office from time to time. A proof of loss, accompanied by the physician's statement was presented to the defendant on blanks supplied by it, and the defendant denied liability under said policy of insurance."

As conclusions of law the court said:

"1. The representations made by the agent Francisco and relied upon by the plaintiff are binding upon the defendant company.

"2. The plaintiff should have judgment against the defendant for $125."

As the case was tried without a jury the judgment may be regarded as in effect one reforming the policy and enforcing it as reformed. Although on an appeal from a justice of the peace the district court has ordinarily no larger powers than the justice, which do not include the giving of equitable relief, where on such an appeal, an issue beyond the jurisdiction of the justice is tried, an objection on that ground may be regarded as waived unless made in the district court. (*Telegraph Co. v. Moyle,* 51 Kan. 203, 32 Pac. 895.) Here the defendant's objections to the judgment are not based upon a disability of the district court to grant equitable relief because of the case having reached it by appeal, but upon the contention that the policy as written would control in any court.

The legal question presented is the right of plaintiff to recover under the allegations and proof as found by the court, notwithstanding the fact 'that the policy issued did not cover the accident which caused plaintiff's injury. The question of the extent to which an insurance company is bound by representations made by, or acts of, its soliciting agents, has been before this court repeatedly.

In *Pfiester v. Insurance Co.,* 85 Kan. 97, 116 Pac. 245, a suit brought by a beneficiary of a life insurance policy to reform the policy as to the date of premium payment so as to conform to the agreement between the insured and the company's soliciting agent, and to recover upon the policy as reformed, the earlier cases are col-

lected and reviewed and it was there held, in substance, that an agent whose authority is limited to negotiating for, taking and transmitting applications of insurance is the agent of the company and not of the person whom he solicits, and that for those purposes he has all the power the company itself possesses; that an agreement made with such agent as to what the application shall contain is, in legal effect, made with the company and binds it; that it is the duty of such agent to prepare the application so that it will truthfully state the result of the negotiations and that the agent's failure to do so is, in legal effect, the fault of the company; that the agent's knowledge of the agreement actually made, is, in legal effect, the knowledge of the company; that if the company accept the application, receive and retain the premium and issue the policy, a binding contract of insurance is effected according to the agreement; that in such a case the company could not successfully oppose reformation of the policy, notwithstanding a provision in the application that statements not in writing shall not bind the company, and a further provision that the contract formed by the application and policy taken together can be varied only by the president or secretary of the company in writing; that the applicant for insurance may assume that the agent has prepared the application according to their agreement, and that the company has written the policy according to the application, and that he is not negligent in failing to examine such instruments for errors and omissions.

In *Cue v. Insurance Co.*, 89 Kan. 90, 130 Pac. 664, a suit on a fire insurance policy which prohibited the use of gasoline on the premises, it was shown that the agent who solicited the insurance inspected the premises, knew that gasoline was used, and told the insured that it would be all right to use gasoline. It was held that the company was bound by his statements.

*Palin v. Insurance Co.*, 92 Kan. 401, 140 Pac. 886, was an action to reform and enforce a fire insurance policy to include permission to take out additional insurance according to oral negotiations, and it was held that false answers written into the application by the agent of the company, to the effect that no concurrent insurance was to be carried, would not constitute a defense.

In *Mercantile Co. v. Insurance Co.*, 101 Kan. 522, 168 Pac. 323, the soliciting agent knew that the insured desired to carry concurrent insurance, but without his knowledge or consent, attached a clause restricting the amount of concurrent insurance. It was held

that the policy should be construed as being reformed so as to con-
form to the actual agreement made and should be enforced notwith-
standing the fact that concurrent insurance was carried.

In *Shinn v. Benefit Association*, 102 Kan. 134, 169 Pac. 215, the
solicitor wrote out the application, which the insured signed without
reading. The insured stated that he had collected previously from
accident insurance companies by reason of accidents, but the appli-
cation did not so state. This suit was upon the policy which con-
tained a clause making the statement clear, complete and material
to the risk. It was held that, notwithstanding this clause, the com-
pany was bound by the agreement actually made, and that the
policy should be enforced.

In 1 C. J., 406, it was said:

"The acts, assurances, and representations of an agent done and made within
the apparent scope of his authority are binding on the insurer; and this has
been held to be true, even though the policy may stipulate to the contrary,
especially where the waiver relates to conditions to be performed after a loss
occurs. Consequently, where the agent makes misrepresentations to the appli-
cant for insurance, as to the scope of the policy, or the risks covered by it, it
has been held that the company will be estopped to deny such represen-
tations."

Upon the findings of the trial court and the authorities above
cited, the judgment of the court below will be affirmed.

HARVEY, J. (dissenting) : There is quite a difference between this
case and those cited in the opinion. I can readily see that a suit
will lie in a proper case to reform a policy as to the date of premium
payment, or as to concurrent insurance, or as to use of gasoline on
the premises, or to hold the insurer responsible for false statements
which its agent wrote into the application without the knowledge of
the insured, and that a court of equity, upon clear and convincing
evidence, and finding it would be unjust to do otherwise, should re-
form the policy so as to correct the error, mistake, or fraud, and
enforce it as reformed. Here there was no effort to reform the policy
to conform to the alleged agreement between the insured and the
agent of the insurance company. In fact, the action was brought
in justice court, a court having jurisdiction of law questions only,
and having no power to reform the policy. There is no showing or
claim that the insurance company issues the kind of a policy which
the insured in this case claims was to be issued to him, or that it has
authority, under its charter or the statutes under which it is in-

corporated, or under which it is permitted to do business in this state; to write such a policy. There is no claim that the agent wrote any false answer in the application or that the policy was not issued in accordance with the application. The claim here made is that the agent incorrectly stated the scope of the policy by stating that it covered injuries caused by *any* accident and by *sickness*. This was established only by the testimony of the insured. No other evidence was offered in his behalf. To me it seems fundamentally unjust to permit a person carrying an insurance policy and who suffers a loss which he admits is not covered by his policy, to come into court without any effort to reform the policy and simply say that the agent of the insurance company told him that the policy covered the loss sustained, and upon such showing to render judgment against the insurance company. It would be just as reasonable to permit a person who is carrying a $10,000 standard fire insurance policy on a building which is destroyed by a tornado to recover upon his testimony that the agent told him the policy also covered wind storms and tornadoes.