No. 29,750.

THOMAS J. HOLYFIELD, *Appellee*, v. THE FARMERS ALLIANCE
INSURANCE COMPANY, *Appellant.*

(296 Pac. 710.)

Opinion filed March 7, 1931.

*Lee Bond,* of Leavenworth, and *David F. Carson,* of Kansas City, for the appellee.

*Stephen H. Allen, Otis Allen* and *George S. Allen,* all of Topeka, for the appellant.

The opinion of the court was delivered by

SMITH, J.: The action was brought to recover on four policies of fire insurance. Defendant demurred to the evidence of plaintiff. This demurrer was overruled. Defendant offered no evidence. The court instructed the jury to find for plaintiff and gave judgment accordingly. Defendant appealed.

The allegations of the petition were, in substance, that plaintiff

had taken out four policies of insurance with defendant. Two of them were taken out on October 22, 1926, and were exhibits A and B attached to the petition. Exhibit A was for $1,000 and insured ensilage worth $1,400 on the farm of plaintiff. The location of this farm was given as the northeast half of the southeast quarter of section 3, township 19, range 23, in Leavenworth county, Kansas. That on the same day appellee insured the silo on the same place for $200, this policy being exhibit B, attached to the petition.

The petition alleged, further, that on August 15, 1929, appellee took out a policy for $500 on hay in the barn belonging to appellee. This policy was attached to petition as exhibit C. It further alleged that on the same day appellee took out a policy for $500 on hay in the barn on these premises. This policy was attached to petition and marked exhibit D. The petition then made allegations about the value of the property insured; that it had been lost by fire; that due notice of the loss had been served and that an adjuster had come to the premises of appellee and investigated the loss, and that demand had been made for payment on the policies, and that appellant had not paid. Petition also made allegations as a basis for obtaining a judgment against appellant for attorney fees. Appellant answered admitting the issuance of the policies in question and denying every other allegation of the petition. It will be seen that there were two policies on hay in the barn of appellee's farm and one on the ensilage in his silo, and one on the silo itself.

The evidence introduced by appellee proved these allegations. On cross-examination some discrepancies were brought out upon which appellant relies to defeat a recovery. The evidence was that the appellee had never lived on or insured any property on the place described in the petition. There quite evidently had been a mistake in the description which the agent had written in the applications for the policy. On these applications a legal description as to the township and range was given by such a number so as to locate the real estate in another county.

Another discrepancy was that in the applications the appellee gave answers to questions as to the amount of encumbrance on the land, which did not state the truth.

Another one was that on a day subsequent to the taking out of the first two policies appellee had conveyed the land in question to his mother. The evidence showed that on the same day that this

deed was written another was written and signed, conveying it back to appellee and wife, and delivered them a few days later. This deed was recorded a few days after the fire. It was shown on cross-examination of appellee that the by-laws of appellant, which were a part of the applications, provided that:

"This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly and correctly stated in the application; or in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after a loss.

"This entire policy unless otherwise provided by agreement indorsed thereon or added thereto by the secretary, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy or if the hazard be increased by any means within the control or knowledge of the insured; . . . or if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple, or if the subject of insurance be personal property and be or become encumbered by a chattel mortgage; . . . or if any change other than by the death of an insured take place in the interest, title or possession of the subject of the insurance (except change of tenants where tenant occupancy is permitted) whether by legal process or judgment or by voluntary act of the insured or otherwise; . . ."

The evidence was that the insurance agent, who wrote the policy, came out to the farm of appellee where the property was located, saw the property and knew where it was. The evidence also showed that this agent filled in the blanks in the different applications, where the statements complained of appear, from information furnished him by appellee, but that he had appellee sign these applications without reading them. Appellee testifies in this connection that he gave the agent the correct information and he had supposed that the agent wrote it the way he gave it to him. He had not seen the application from that day until the day of the trial.

There was also evidence that the conveyance of the property to the mother of appellee was without consideration and was not intended to convey anything more than the bare legal title, and that appellee remained in possession and control of the property at all the times mentioned.

Appellant contends that on account of the wrong description of the real estate, upon which the property insured was located, it is not insured at all. Objection was made to the introduction of evi-

dence by appellee intended to show the correct description. The contention was also made that the policies were rendered void on account of the answers that were made to questions in the applications, which did not state the facts, and also that on account of the conveyance of the real estate in question, and its reconveyance to appellee and wife, that the policy was rendered void.

It should be noticed here that the property covered by all the policies except the one on the silo was on personal property and that was evidently treated as personal property by all the parties.

Appellant makes a strong contention that the remedy of appellee was to ask for a reformation of the policies and applications, so as to change the description that was given to the true description, and urges that since reformation was not asked appellee had no right to show in a suit on the policies that the property insured was located on property other than that actually described in the policies. The authorities in this state, however, are the other way. In the case of *Am. Cent. Ins. Co. v. McLanathan*, 11 Kan. 533, the court held:

"Where, in the description of real estate, there are found repugnant calls, the instrument is not void for uncertainty, nor is there any need of reforming it, provided it clearly appears either from the face of the instrument, or extrinsic facts, which is the true and which the false description." (Syl. ¶ 1.)

This rule has been consistently followed in this state in *State v. Sterns*, 28 Kan. 154; in *Mumper v. Kelley*, 43 Kan. 256, 23 Pac. 558; in *Riley v. Foster*, 95 Kan. 213, 148 Pac. 246; in *Insurance Co. v. Saindon*, 52 Kan. 486, 35 Pac. 15, and in many other Kansas cases.

It is true that there seems to be a line of authorities from other states which hold that a reformation is necessary in cases like the case at bar, but there is an impressive line of authorities the other way, and Kansas has taken its place among the latter group and followed that rule. A splendid discussion of the authorities from all the states on this question can be found in 65 A. L. R. at page 767. In the case at bar there was plenty of extrinsic evidence that the property was located at the farm actually owned and occupied by appellee. It is very probable that there was not anybody in the court room on the day the case was tried who did not know where this property was located, and certainly the insurance company knew because its agent went out and saw the property and wrote the application, and two adjusters were on the farm after the fire and made arrangements with appellee to sell some of the

ensilage that was not burned and thereby reduce the amount of the loss. Plenty of extrinsic evidence showed that nobody was deceived. If the court should insist that there should be a reformation in this case it would just be cluttering up the records of Leavenworth county with one more unnecessary lawsuit.

We conclude that there is no merit in the contention of appellant as to the misdescription.

Appellant argues that the policies were void *ab initio* because of appellee's statements contained in the applications as to encumbrances upon the title to the real estate upon which the property insured was located. This defense was not pleaded. The answer was a general denial.

The evidence on that point has been reviewed heretofore. Since this case is here on a demurrer to the evidence of appellee and on judgment entered, based upon an instructed verdict after appellant had offered no evidence, the evidence offered by the appellee to establish the cause of action must be taken as true.

This defense is that of a breach of warranty. In order for it to be available to defendant, the breaches and false answers must have been pleaded in the answer and the facts upon which defendant expected to rely should have been set out. (26 C. J. 500; 8 Couch on Cyclopedia of Insurance Law, 6852; 3 Cooley's Briefs on Insurance, 2d ed., 2205; *Insurance Co. v. Milling Co.*, 69 Kan. 114, 76 Pac. 423; *Phenix Ins. Co. v. Sullivan*, 39 Kan. 449, 18 Pac. 528.)

Appellant urges that the policies were void *ab initio* on account of the fact that subsequent to the issuance of the first policy the land upon which this property was located was conveyed to the mother of appellee and at the same time was reconveyed by her to appellee and wife. It is urged that this is such a change in the title and interest and ownership of the property as to render the policy void. The facts with relation to these conveyances have been noted heretofore. It has also been noted that appellee remained in possession of the land at all times, and all parties regarded the equitable title as in him. This court held in *Hankins v. Insurance Co.*, 96 Kan. 706, 153 Pac. 491, as follows:

"A fire insurance policy upon a building containing a stipulation that the policy 'shall be void . . . if the interest of the insured be other than unconditional and sole ownership' is not invalidated because of an outstanding naked legal title in another where the insured has the equitable

title, the entire beneficial ownership of the property, and is in undisputed possession of the same."

This rule has been followed in the case of *Dow v. Fire Insurance Co.*, 115 Kan. 190, 221 Pac. 1112, and in *Plottner v. National Fire Ins. Co.*, 118 Kan. 234, 234 Pac. 959. An examination of the briefs in this case discloses no reason for changing that rule and no reason why it should not apply to this case.

Appellant also complains of the fact that $500 attorney fee is allowed in this case. An examination of other cases where attorney fees have been allowed discloses no reason why that ruling should be disturbed. The judgment of the lower court is affirmed.