No. 30,811.

Bill Carroll, *Appellee;* v. The National Fire Insurance Company of Hartford, Conn., *Appellant.*

(16 P. 2d 467.)

filed December 10, 1932. Opinion

W. C. *Gould* and *George R. Gould,* both of Dodge City, for the appellant.

A. L. *Moffat* and *John A. Etling,* both of Kinsley, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action on a fire-insurance policy on household goods. Judgment was for plaintiff, and defendant has appealed.

The facts, not seriously controverted, may be stated as follows: The plaintiff, Bill Carroll, whose business was farming, had lived in the city of Lewis, or on a farm near there, for many years. Gordon White was a soliciting agent of the National Fire Insurance Company. He was also cashier of the First National Bank of Lewis, where Carroll did his banking business. The two were well acquainted. Carroll owned a residence in Lewis situated on lots 6 to 9, block 4, Spence's addition to the city, on which there was a mortgage to the Kinsley Building and Loan Association. In January, 1931, Carroll moved from his residence in town to a farm in the country not far from Lewis. About June 1, 1931, Carroll and his wife went to a western county in the state to look after a wheat harvest he had there, leaving their household goods at the farm near Lewis. About July 25, 1931, Carroll wrote White to insure his property in town and to get the description and valuation from an old policy which a Mr. Butler had, and to insure his household goods. Nothing was said in the letter about where the household goods were located. Carroll assumed White knew he was living in the country near Lewis, and that the household goods were there. White pre-

pared an application for an insurance policy. Apparently he did not
see Mr. Butler to get the description of Carroll's residence in town,
for he misdescribed the location of that property. He also described
the household goods as being located in the misdescribed house in
town, apparently having made no inquiry as to where they were.
On August 1, 1931, he wrote Carroll:

"I have taken care of your insurance policy and mailed it to the Kinsley
Building & Loan Association. I put $1,350 on your house and $100 on your
garage and $750 on your household goods. I wonder if I should have insured
the household goods, since they are no longer there, or are they still there?
The premium amounts to $8.54 and I have deducted it from your deposit
slip. . . ."

Carroll did not see the policy and did not know of the misdescrip-
tions of the location of his residence and household goods contained
in the policy. He did see White on the 2d, 3d or 4th of August and
told White where his household goods were. It does not appear that
White then told him what statement there was in the policy with ref-
erence to the location of the household goods.

On September 5, 1931, the house in the country burned, and the
household goods were destroyed by fire. Carroll made proof of loss.
The insurance company declined to pay because the location of the
household goods was not correctly described in the policy, and of-
fered to refund the amount of the premium represented by the house-
hold goods. Carroll refused the offer and brought this action. By
the pleadings it was agreed that White was a soliciting agent of the
insurance company. The policy insured "the following described
property while located and contained as described herein and not
elsewhere," and then misdescribed the location of all the property
Carroll sought to have insured. This mislocation came about through
the negligence, or lack of attention, of the insurance company's
soliciting agent. When Carroll, a few days after the policy was
written, specifically informed White of the location of the household
goods White made no effort to correct the policy or to advise the
insurance company of his mistake, and permitted Carroll to remain
in ignorance of the mislocation of the property as stated in the
policy.

Appellant contends that there was no enforceable insurance con-
tract, that the minds of the parties never met. Defendant raised no
issue of that kind by its answer and at the trial offered no evidence.
In the trial court and here it seeks to be released from liability

solely because of the wording of the policy. But let us consider this point. Carroll asked that his household goods be insured. The insurance company issued a policy insuring them. Both thought they were insured, so there was a meeting of the minds of the parties on those matters. It is true that the location of property may have an important bearing on whether or not the insurance company cares to assume the risk (26 C. J. 93), and if the insured had made any false statement with reference to its location the insurance company might, with reason, decline to pay. But in this case he made no such false representation. Any mistake or inaccuracy about that was made by the insurance company's agent. When the agent of an insurance company undertakes to make out the application for a policy and makes inaccurate statements therein, unknown to the insured, the insured is not bound by them. (26 C. J. 308; *Holyfield v. Farmers Alliance Ins. Co.,* 132 Kan. 539, 296 Pac. 710; *Insurance Co. v. Weeks,* 45 Kan. 751, 26 Pac. 410; *Insurance Co. v. Gray,* 44 Kan. 731, 25 Pac. 197.)

Appellant argues that to require defendant to pay the loss of plaintiff's household goods under the policy would be a violation of our statute (R. S. 1931 Supp. 40-917), which prohibits a fire-insurance company from making different rates of charges on like kinds of insurance. Appellant says that rates on farm property are higher than on the same property in town. No issue as to this matter was made in the court below, neither was any evidence introduced on the question. Counsel say that the facts are of such general repute that this court should take judicial notice of them. We decline to do so. If counsel deemed the matter of importance it should have been raised and passed upon in the trial court. More than that, it is not shown what rate was charged in this case, if there is a difference. Certainly defendant's agent charged all he wanted to charge. There was no bargaining over the matter of rates.

We find no error in the record, and the judgment of the court below is affirmed.