No. 38,367

NORMAN C. COOLEY and HELEN COOLEY, husband and wife, *Appellees,* v. THE NATIONAL LIFE AND ACCIDENT INSURANCE COM-- PANY, a corporation, *Appellant.*

(238 P. 2d 526)

Opinion filed December 8, 1951.

*Jack L. Goodrich,* of Parsons, argued the cause, and *L. E. Goodrich,* of Parsons, was with him on the briefs for the appellant.

*John B. Markham*, of Parsons, argued the cause, and *Elmer W. Columbia* and *Herman W. Smith, Jr.*, both of Parsons, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a policy of industrial insurance. From a judgment in favor of the plaintiffs the defendant appeals.

Plaintiffs' amended petition alleged the status of the parties and that on January 5, 1948, defendant issued its industrial policy of life insurance in the maximum sum of $486 on the life of Norma M. Cooley, sometimes referred to as Norma Maxine Cooley, who was the daughter of the plaintiffs, who were named as beneficiaries; that a written application was made for the policy; that Helen Cooley supplied the information necessary for the application, the blanks being filled out by a representative of the defendant company; that the application was in the possession of the defendant and plaintiffs had no copy; that the policy was in force on April 2, 1948, when Norma M. Cooley died; that Norma M. Cooley suffered from diabetes from about July, 1945, to the date of her death; that plaintiffs fulfilled all the conditions of the policy as required of them; that defendant failed to pay plaintiffs the sum of $486 and that such sum was due and owing from defendant to them. They prayed for judgment for $486 and costs.

Defendant answered, admitting issuance of the policy and alleged that it issued the same upon the basis of an application signed by Helen Cooley who supplied the information necessary for such application; that at the time she signed the application she had full knowledge that the insured Norma M. Cooley was and had been suffering from diabetes and that in answer to question 25 of the application relative to whether the insured was suffering from diabetes, she answered the question "No"; that the answer constituted a misrepresentation of a material fact which was known to Helen Cooley but was unknown to the defendant. It was further alleged the application constituted the basis upon which the policy of insurance was issued and was a part of the contract of insurance; that defendant relied upon the statement of facts in the application and if it had known that Norma M. Cooley was suffering from diabetes it would not have issued the policy of insurance; that the cause of her death was diabetes, and because of the misrepresentations of a material fact by plaintiff Helen Cooley the policy of in-

surance was void and plaintiffs were not entitled to recover thereon. Defendant prayed for judgment in its favor. Attached to defendant's answer was a copy of the application. Question 21 inquired whether insured was in good health and discloses an answer "Yes." Question 25 inquired whether insured had ever had diabetes, or other named diseases, and discloses an answer "No." It bears the signature "Mrs. Norman Cooley" who is the same person as Helen Cooley and a later notation indicates she signed the application because Norma M. Cooley was less than sixteen years of age.

Plaintiffs filed their verified reply, denying all allegations of new matter in the answer and all allegations inconsistent with the allegations of their petition.

At the trial defendant demurred to the petition and moved the court for judgment on the opening statement of plaintiffs on the ground the petition and opening statement failed to constitute a cause of action, and on the further ground that the statements of counsel relative to correct answers having been given and falsely stated in the application by the insured were inadmissible in evidence due to the fact the same were not pleaded either in the petition or reply. The trial court overruled the demurrer and denied the motion and the trial proceeded. At the conclusion of plaintiffs' evidence, which will be referred to in more detail later, defendant first moved that portions thereof be stricken and that motion being denied, it demurred. That demurrer was overruled and it then presented its evidence.

Under instructions of which no complaint is made the jury returned a general verdict in favor of plaintiffs and answered two special questions. In substance the answers were that Mrs. Cooley did not give the answer "Yes" to question 21 of the application nor the answer "No" to question 25 of the application.

Defendant's motion for a new trial was denied and it perfected an appeal to this court, specifying error with respect to the matters hereafter discussed.

It is necessary, before taking up appellant's contentions of error, that we make reference to the evidence. Without taking note of details, of answers on direct or cross-examination, and of matters merely relevant, the substance of the evidence is as follows: Norman Cooley, father of Norma M. Cooley, testified that in December, 1947, Lakin, an agent of the appellant company with whom he was acquainted, and Hayes, its superintendent, called upon him at his filling station, and Lakin asked about selling him some insur-

ance. In the conversation Cooley said he had three daughters; that one was suffering from diabetes, and in response to their questions as to her condition he said it had been good lately and she was getting along well at the time; that Lakin and Hayes wanted to sell him insurance for the other two girls; the witness replied that Norma was getting along all right, that it had been a long time since she had been to a doctor and he did not feel it was fair to take out insurance for the other girls and not for Norma Maxine and he wouldn't buy insurance for the other two unless he could for Norma Maxine; that Lakin and Hayes wanted to see the girls and Cooley told them to see the girls at their home and his wife could sign the application. He testified at some length about Norma's activities and state of health and to facts warranting a conclusion that she had died suddenly. Other witnesses, who were present at the filling station, corroborated Cooley's account of his conversation with Lakin and Hayes. Helen Cooley testified that her husband had told her of his conversation with Lakin and Hayes; that they came to the house; that three policies were taken out; that Lakin filled out the blanks in the application form, asking questions about ages, names and addresses, which she answered. When asked about question 25, she stated Lakin started reading it and then said, "We have the answers to these questions. That has already been discussed with Mr. Cooley at the station." She further testified she did not read the application of Norma Maxine after it was prepared by Lakin but that she signed it because Norma was not there. On behalf of the appellant, Lakin testified as to the conversation at the filling station but stated that the health of any of the children was not discussed. He testified that he and Hayes went out to see Mrs. Cooley and that he read all questions in the application in detail, filled out the answers that she made and handed the application to her to sign; that she glanced over it and signed, and "Q. Did she read it? A. Well, I wouldn't say that she read everything on it, but she glanced over it and signed it, just like you or I would." Hayes testified that he was a superintendent of the appellant company and that he was with Lakin when he took the application of Helen Cooley on the life of Norma. Without going into detail, he testified he heard Lakin ask Mrs. Cooley question 25 and heard her answer "No."

Appellant first contends that the trial court erred in overruling its demurrer to the appellees' petition and in denying its motion for judgment on the opening statement. Under this heading appellant

does not contend the petition did not state a cause of action, but does contend that the petition did not allege directly or indirectly that truthful answers to questions in the application were given but falsified by the agent; that appellant had affirmatively alleged as a defense that false answers had been given, and that the reply was only a general denial, a mere negative, and that neither the petition nor the reply set up an affirmative defense to the allegations of appellant's answer. The abstract does not contain the appellees' opening statement and we are not in a position to consider it. Appellant supports its position by directing attention to the first paragraph of the syllabus in *Van Ross v. Metropolitan Life Ins. Co.,* 134 Kan. 479, 7 P. 2d 41, 81 A. L. R. 821, where it was held that in an action on a policy of insurance where the defendant sought to avoid liability by alleging falsity of answers of the insured in his application, it was proper for the plaintiff to reply admitting the application was as made by the agent but that insured gave truthful answers to the agent who failed to answer them as given. Reference to that case will show the defendant sought to have the allegations stricken from the reply and the ruling was in response to that motion. The holding is not to be twisted around to mean that the plaintiff must so plead. In the case before us, appellees by their petition stated a cause of action. Defendant answered, alleging new matter, as it had a right to do under G. S. 1949, 60-710, *Second.* Plaintiff then replied denying the new matter, sufficient under G. S. 1949, 60-717 to raise an issue. Appellant's further contention, founded on the assumed correctness of its contention just discussed, is that on the basis of the pleadings and the issues formed, the fraudulent representations in the application became fraud as a matter of law, in support of which it cites the syllabus in *Scott v. National Reserve Life Ins. Co.,* 144 Kan. 224, 58 P. 2d 1131. The premise for application of the rule in the last case is not sound and the rule there stated needs no discussion. Insofar as this case is concerned, the pleadings are sufficient and the trial court did not err in overruling the demurrer and motion lodged against the petition and appellees' opening statement.

Appellant further contends that the trial court erred in overruling its objections to the introduction of appellees' evidence with respect to the answers made or not made to the questions in the application, for the assigned reason all such testimony was incompetent, irrelevant and immaterial, because outside the issues

framed by the pleadings, in support of which it again cites *Van Ross v. Metropolitan Life Ins. Co.,* supra. What has been said concerning appellant's first contention disposes of any contention the evidence went beyond the issues. Appellant states however that although Norman Cooley did tell appellant's agents his daughter had diabetes he did not make the application; that Helen Cooley made the application and did not disclose the fact, and that the evidence was incompetent to serve as a defense to the answer. While it may be literally true that Helen Cooley did not inform the agents that Norma had diabetes, her evidence was that she was not asked any such question. Our attention is directed to *Priest v. Life Ins. Co.,* 116 Kan. 421, 227 Pac. 538, and to *Minear v. Benefit Association of Railway Employees,* 169 Kan. 199, 218 P. 2d 244, holding to the general effect that where false answers are knowingly given by an applicant for insurance, the fact that the agent not authorized to decide whether the policy should be issued knew of their falsity, does not prevent the company from successfully resisting payment on the ground of such fraud.

We shall not comment on the rule of those cases. Conceding its correctness, it has nothing to do with the competency of evidence, although the effect of that evidence may be such as to show the rule has no application, a matter next considered. The contention the evidence was erroneously admitted over appellant's objection cannot be sustained.

Appellant contends the trial court erred in overruling its demurrer to appellees' evidence. The argument under this heading is predicated on the assumption the appellees' evidence concerning the answers to the application was incompetent and should be ignored. For the reasons heretofore stated, we will not indulge in any such assumption. Appellees' evidence disclosed that the appellant's agents, one of whom later designated himself as a superintendent of the company, but whose authority was not otherwise shown, were advised by Norman Cooley that the insured child had diabetes, so the agents did know that fact. The demurred conceded the truthfulness of the testimony of Helen Cooley and that testimony may not be construed on demurrer as showing she made any false answer as to the insured child.

The rule in this state is that an insurance agent in making out an application for insurance acts as the agent of the company and not of the applicant, and if the applicant makes truthful answers to the

questions propounded, the company cannot generally take advantage of false answers entered by the agent contrary to the facts as stated by the applicant. Applications of the rule, not limited to life insurance cases, have been made in *Insurance Co. v. Gray*, 43 Kan. 497, 23 Pac. 637, 8 L. R. A. 70, 19 Am. St. R. 150; *Broady v. Fire Association*, 94 Kan. 245, 146 Pac. 343; *Shinn v. Benefit Association*, 102 Kan. 134, 169 Pac. 215; *Van Ross v. Metropolitan Life Ins. Co.*, supra; *Carroll v. National Fire Ins. Co.*, 136 Kan. 580, 16 P. 2d 467; and cases cited in the above. The rule stated represents the great weight of authority. See annotations in 43 A. L. R. 527, 81 A. L. R. 833, 117 A. L. R. 790 and 148 A. L. R. 507. See also 29 Am. Jur. 641 and 45 C. J. S. 179. No reason is suggested, and we know of none, why an applicant for insurance, who is not asked a question contained in the application, but to which an agent enters a false answer, is not entitled to a rule as favorable as that stated. Appellees' evidence was sufficient under the above rule and the trial court did not err in overruling the appellant's demurrer to it.

Appellant also contends the trial court erred in denying its motion for a new trial. The burden of the argument is that because of surprise which ordinary prudence could not have guarded against, it was not afforded a fair and reasonable opportunity to present its evidence and be heard on the merits of the case. It argues that it had a right to rely on ordinary rules of pleading and to expect the appellees would allege in their reply any affirmative matters relied on as a defense to the allegations of the answer, and referring to its argument as to the sufficiency of the pleadings, previously treated herein, contends it was taken by surprise. Even though it be conceded, which it is not, that its erroneous view of the pleadings left it surprised, the record does not disclose it asked for any continuance for that or for any other reason. No contention is made by appellant that it was deprived of full opportunity to present its defense and the record discloses that it did offer the testimony of its two agents who were present when the application for the insurance was taken. If appellant had other witnesses or further evidence, the abstracts and briefs do not disclose the same. It has not been made to appear that the trial court erred in denying appellant's motion for a new trial.

Our examination of the record convinces us that the judgment of the trial court should be and it is affirmed.